IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY KENT DEWITT,
Inmate No. 805195,
    Plaintiff,

vs.                                Case No.:  3:19cv1990/LAC/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Walton County Jail proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has not paid the filing fee in full but has filed a motion to proceed in forma pauperis (ECF No. 2). Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice that at least three cases previously filed by Plaintiff in the United States District Courts have been dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. *See* <u>Dewitt v. Spivey</u>, Case No. 5:96cv0084/LAC (N.D. Fla. May 31, 1996) (dismissing Plaintiff's prisoner civil rights action as frivolous or malicious under 28 U.S.C. § 1915(d)); <u>Dewitt v. Singletary</u>, 5:96cv0115/LAC (N.D. Fla. Jul. 12, 1996) (dismissing Plaintiff's prisoner civil rights action as frivolous or malicious under 28 U.S.C. § 1915(d)); <u>Dewitt v. Florida State Prison</u>, 3:01cv1208/HES (M.D. Fla. Oct. 29, 2001) (dismissing Plaintiff's prisoner civil rights action as frivolous). The foregoing cases may be positively identified as having been filed by Plaintiff, because they bear his name and Florida Department of Corrections Inmate Number, 805195. All of the dismissals were entered prior to June 30, 2019, the date Plaintiff filed this lawsuit. Thus, Plaintiff's status as a "three striker" is clearly established.

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g). For this exception to apply, the court must be able to determine from the complaint that the Plaintiff is under imminent danger of serious physical injury. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). In so

doing, the court must construe the complaint liberally and accept its allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged

incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

Here, Plaintiff's complaint does not show that he was under imminent danger of serious physical injury at the time he initiated this action.  Plaintiff's allegations relate to an incident involving excessive force on August 5, 2018 (ECF No. 1 at 6–10).  He names the Florida Department of Corrections and five employees of Walton Correctional Institution ("Walton C.I.") as Defendants (ECF No. 1 at 1).  He states he was sprayed twice with chemical agents (including once in his mouth), and that he was kicked and beaten in his "head, face and torso" which required "hospitalization" and "two days in medical confinement under intense medical supervision" (ECF No. 1 at 8).  Immediately following the alleged incident on August 5, 2019, Plaintiff was taken from Walton C.I. to the Northwest Florida Reception Center for medical treatment (ECF No. 1 at 9).  He claims that as a result of the excessive force, he had "extensive injury" to his left eye (which required stitches), broken ribs, lacerations, contusions, a concussion, and was "bleeding out of both ears"  (ECF No. 1 at 8–9).

Subsequent to his discharge, he was transferred to the Santa Rosa Correctional Institution ("Santa Rosa C.I.") until he was released to the Walton County Jail on February 22, 2019, where he remains (ECF No. 1 at 2, 9).  He raises no claims

concerning the conditions of confinement at the Walton County Jail, much less any claims which suggest imminent danger. As Plaintiff's allegations of excessive force center around the August 5, 2018, incident at Walton C.I., and he has since been transferred to a different institution, his claims clearly relate to a past danger and thus are insufficient to trigger the exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis. And, because Plaintiff did not pay the full $400.00 filing fee at the time he initiated this civil rights action, this case should be dismissed.[1] Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

---

[1] The court notes Plaintiff's payment of a *partial* filing fee of $50.00. By separate order, the clerk will be directed to refund this payment to Plaintiff.

Case No.: 3:19cv1990/LAC/EMT

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 17th day of July 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**